UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARVA LYNNETTE MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV1102 NAB |
| ) | |
| MISSOURI DEPT. OF SOCIAL ) | |
| SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. The Court has reviewed the financial information filed with the motion and finds that plaintiff is unable to afford the full amount of the filing fee. Because the motion will be granted, the Court is required to conduct an initial review of the complaint and dismiss it if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a person immune to such relief. 28 U.S.C. § 1915(e). Upon review of the complaint, the Court finds that plaintiff's claims against the individual defendants should be dismissed. The Court additionally finds that plaintiff's claims for workers' compensation retaliation, as well as her claims brought for "whistleblowing," are also subject to dismissal.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. (the "ADA"). Named as defendants are: the Missouri Department of Social

Services/Division of Youth Services; Donald Pokorny; Sonja Williams; Janet Smiley; and Courtney Collier. The individual defendants appear to be plaintiff's former supervisors.

Plaintiff alleges that after returning from work after being out on sick leave, she was racially discriminated against, retaliated against, harassed and eventually terminated from her employment.

There is no individual liability for supervisors under Title VII of the Civil Rights Act of 1964 or Title I of the ADA. <u>Bonomolo-Hagen v. Clay Central-Everly Community School District</u>, 121 F.3d 446, 447 (8th Cir. 1997) (citing <u>Spencer v. Ripley County State Bank</u>, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); <u>see</u> <u>Bales v. Wal-Mart Stores Inc.</u>, 143 F.3d 1103, 1111 (8th Cir. 1998); <u>see also,</u> <u>Walsh v. Nevada Dept. of Human Resources</u>, 471 F.3d 1033, 1037-38 (9th Cir. 2006) (collecting cases); <u>Alsbrook v. City of Maumelle</u>, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999). As a result, the individual defendants cannot be held personally liable for violations of the Title VII or the ADA.

Although plaintiff asserts in a conclusory fashion that she believes she has also been discriminated against because of "whistleblower and retaliation for filing workers' compensation claims," she has failed to support these assertions with any facts, i.e., what the alleged whistleblowing allegedly involved and information regarding the alleged workers' compensation claim and the purported retaliatory actions from defendants. As such, the Court will dismiss these allegations at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue as to defendant the Missouri Department of Social Services/Division of Youth Services.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue as to defendants Pokorny, Williams, Smiley or Collier because, as to these individuals, the complaint fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process on plaintiff's claims for "whistleblower and retaliation for filing workers' compensation claims," as these allegations fail to state a claim upon which relief may be granted.

An Order of Partial Dismissal will be filed with this Memorandum and Order.

Dated this 1st day of July, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE