UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARVA LYNNETTE MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-CV-1102 NAB |
| ) | |
| MISSOURI DEPARTMENT OF SOCIAL ) | |
| SERVICES DIVISION OF YOUTH SERVICES, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER[1]

This matter is before the Court on Defendant Missouri Department of Social Services, Division of Youth Services' Motion for Summary Judgment, Defendant's Supplemental Motion for Summary Judgment, and Plaintiff Marva Miller's Motion to Compel. [Docs. 52, 54, 62.] Based on the following, the Court will grant Defendant's original Motion for Summary Judgment, deny Plaintiff's Motion to Compel, and deny Defendant's Supplemental Motion for Summary Judgment as moot. Because the parties have not fully briefed all issues in Plaintiff's Complaint, the Court will set a new deadline for motions for summary judgment on the claims not addressed in Defendant's original Motion for Summary Judgment.

## I.    Procedural History

On June 10, 2013, Plaintiff filed this action against Defendants Missouri Department of Social Services, Division of Youth Services, Donald Pokorny, Sonja Williams, Janet Smiley, and Courtney Collier. [Doc. 1.] Plaintiff alleged that she was discriminated against based on her race and disability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as

---
[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

amended and claims of "whistleblower and retaliation for filing workers' compensation claims and complaining about a hostile work environment." The Court dismissed the individual defendants in an order dated July 1, 2013. [Doc. 4.] The Court also dismissed Plaintiff's claim of "whistleblower and retaliation for filing workers' compensation claims." [Doc. 4.] Plaintiff filed a motion for leave to file an amended complaint. [Doc. 19.] The Court denied Plaintiff's motion without prejudice. [Doc. 28.] The remaining Defendant Missouri Department of Social Services, Division of Youth Services has filed two motions for summary judgment. [Docs. 52, 60.] The first motion is based on the merits and the second motion is based on issue preclusion. The motions have been fully briefed. Plaintiff filed a Motion to Compel on February 17, 2015 within her response to Defendant's original Motion for Summary Judgment. [Doc. 54.]

**II.     Standard of Review**

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is placed on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988 ) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on an issue of material fact. *Miller v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence, he or she must set forth specific facts showing that a genuine issue of material fact exists. Fed.

R. Civ. P. 56(c); *Herring v. Can. Life Assur. Co.*, 207 F.3d 1026, 1029 (8th Cir. 2000). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Herring*, 207 F.3d at 1029 (quoting *Miller*, 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993). In passing on a motion for summary judgment, it is not the court's role to decide the merits. The court should not weigh evidence or attempt to determine the truth of a matter. Rather, the court must simply determine whether a genuine issue of material fact exists. *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1107 (8th Cir. 2000).

"There is no discrimination exception to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011). "Although employment discrimination cases are often fact intensive and dependent on nuance in the workplace, they are not immune from summary judgment. If there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1018 (8th Cir. 2011) (internal citations omitted).

## III. Discussion

### A. Motion to Compel

Plaintiff filed a Motion to Compel within her response to Defendant's Motion for Summary Judgment. Plaintiff states that Defendant "maintain[s] records, including e-mails, telephone records … and other documents that have been requested by this Plaintiff that clearly identify patterns of collusion against this Plaintiff and other African-American employees who have been employed by the Defendant." [Doc. 54 at 1.] Plaintiff asks the court to compel Defendant to submit additional discovery "which indicates the retaliatory, hostile and discriminatory work environment that the Plaintiff was subjected to." [Doc. 54 at 2.] Plaintiff states that Defendant is withholding documents. [Doc. 64 at 10.] Defendant responds that Plaintiff has not made any discovery requests in this action, she has not conferred with Defendant before filing her motion, and her motion is untimely. Based on the following, the Court will deny Plaintiff's Motion to Compel.

First, Plaintiff's motion is untimely, because the Court's Case Management Order of June 26, 2014 stated that motions to compel discovery must be filed no more than eleven (11) days following the discovery deadline. [Doc. 46.] The discovery deadline in this case was December 1, 2014[2]. [Doc. 46.] Plaintiff filed this motion on February 27, 2015. Plaintiff has failed to provide any reason for failing to file a timely motion to compel. *See Firefighters' Inst. for Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (district court did not abuse discretion in denying late motion to compel where party did not provide reason to justify missing deadline).

---

[2] The Court granted Defendant's Motion for Leave to Take Plaintiff's Deposition out of Time no later than December 19, 2015. [Doc. 49.] The deadline for any other discovery was not extended.

Second, Plaintiff has not refuted Defendant's contention that she has not served any discovery requests in this matter, which is a prerequisite to filing a motion to compel. *See* Fed. R. Civ. P. 26(a)(3)-(4). "The usual method to acquire documents from a party defendant, to the extent such documents exist, is to serve a request for production of documents on the party defendant pursuant to Rule 34." *Forest v. Barnes Jewish Hosp.*, No. 4:07-CV-258 DJS, 2008 WL 957681 at *1 (E.D. Mo. Apr. 7, 2008). If that defendant fails to respond or objects to the document production, and the plaintiff thinks that the defendant's failure to respond or objection is improper, then the plaintiff can file a motion to compel pursuant to Rule 37." *Id.* Plaintiff has not produced any discovery requests that she served upon Defendant in this case.

Third, Plaintiff has not conferred with the Defendant about any disputed discovery, in violation of the federal and local rules of civil procedure. A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a). The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a). Local Rule 3.04 states that the court "will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord." E.D.Mo. L. R. 3.04(A). Rule 3.04 further provides that the statement "shall recite the date, time, and manner of such conference, the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel." E.D.Mo. L.R. 3.04(A). Plaintiff's motion does not certify that she had any discussions regarding disclosure or discovery with opposing counsel. "A party's pro se status does not entitle him to disregard the Federal

Rules of Civil Procedure." *Carmen v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993). "Pro se litigants must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005). Based on the foregoing, the Court will deny Plaintiff's motion to compel as untimely and improperly filed.

B. **Factual Background**

Local Rule 4.01(E) provides the following with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E).

In the Memorandum in Support of Summary Judgment, the Defendant submitted a Statement of Facts with citations to the record. In addition, affidavits and exhibits including Plaintiff's deposition testimony were attached to the memorandum. Plaintiff, however, has not met the requirements of Local Rule 4.01(E) because she did not properly respond to the Defendant's Statement of Facts. In her denials, Plaintiff either did not provide any citations to the record to support her denial and/or failed to provide any reason for the denial. Plaintiff also failed to provide the Court with a statement of material facts as to which she contends a genuine dispute exists.

As a result, for purposes of this motion, Plaintiff is deemed to have admitted all facts which were not specifically controverted. *See Ridpath v. Pederson,* 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under E.D. Mo. Local Rule 4.01(E)). The Court finds that the following facts are material and undisputed for purposes of Defendant's Motion for Summary Judgment[3]:

On January 2, 2013, Plaintiff was informed that she was granted leave from work through January 31, 2013 and that her leave would be exhausted on that date. Plaintiff failed to report to work on February 1, 2013. Plaintiff did not inform her supervisors that she would not report to work on February 1, 2013. Defendant maintains a policy that requires employees to report to work unless they are granted leave. Plaintiff failed to provide any documentation to Defendant that she was entitled to any form of leave for February 1, 2013. On February 28, 2013, Plaintiff was terminated from her employment with Defendant.

### C. Title VII- Race Discrimination Claims

First, the Court will address Plaintiff's Title VII race discrimination claims involving disparate treatment. "The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was a victim of intentional discrimination." *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 739 (8th Cir. 2013) (citing *Reeves v. Sanderson*, 530 U.S. 133, 153 (2000)). If an employee lacks direct evidence of discrimination, she can survive summary judgment by showing a genuine dispute for trial under the burden shifting framework established in *McDonnell Douglas Corp. v. Green.* 411 U.S. 792, 802-805 (1973). "Under *McDonnell Douglas*, the plaintiff must first establish a prima facie case of discrimination. If the plaintiff establishes a prima facie case, then the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the [employment

---

[3] The facts listed are supported by appropriate citations to the record as required by Local Rule 4.01(E).

action]." *McCullough v. University of Ark. for Medical Sciences*, 559 F.3d 855, 860 (8th Cir. 2009) (internal citations omitted). "If the employer meets this burden, then the employee must show that the employer's proffered reason for [terminating her] is a pretext for unlawful discrimination." *Id.* "At the summary judgment stage, under the 1991 amendments to Title VII, the issue is whether the plaintiff has sufficient evidence that unlawful discrimination was a motivating factor in the defendant's adverse employment action. If so, then the presence of additional legitimate motives will not entitle the defendant to summary judgment." *Id.*

"To establish a prima facie case of race discrimination, Plaintiff must show that (1) she is a member of a protected class, (2) she was qualified for her job, (3) she suffered an adverse employment action, and (4) she was treated differently than similarly situated employees who were not members of her protected class." *Norman v. Union Pacific Railroad Co.*, 606 F.3d 455, 461 (2010). Plaintiff has not produced any evidence to establish a prima facie case, including any evidence that she was treated differently than similarly situated employees who were not members of her protected class. Nevertheless, the Court will assume, without deciding, that Plaintiff made a prima facie case. Next, the burden shifts to the Defendant to articulate a legitimate non-discriminatory reason for Plaintiff's termination. This burden is not onerous. *Bone v. G4S Youth Services, LLC*, 686 F.3d 948, 954 (8th Cir. 2012). Defendant has met its burden. Defendant states that it terminated Plaintiff, because she did not report to work upon the exhaustion of approved leave and did not inform her supervisors that she would not be reporting to work. Defendant supported its proffered justification with citations to the record.

Now the burden shifts to Plaintiff to prove that the reasons offered by the Defendant are pretext for discrimination. "Proof of pretext requires more substantial evidence than a prima facie case, because unlike evidence establishing a prima facie case, evidence of pretext and

retaliation is viewed in light of the employer's justification." *Gibson v. Geithner*, 776 F.3d 536, 540 (8th Cir. 2015). There are two routes for demonstrating a material question of fact as to pretext: first a plaintiff may succeed indirectly by showing the proffered explanation has no basis in fact; or second a plaintiff can directly persuade the court that a prohibited reason more likely motivated the employer." *Gibson*, 776 F.3d at 540. "Pretext must be read as shorthand for indicating that a defendant's proffered explanation for adverse employment action is a pretext for unlawful [discrimination] not that it is merely false in some way." *Id.*

While Plaintiff goes into great narrative detail regarding how the Defendant's employees conspired to terminate her employment, she does not provide any evidence that would demonstrate disparate treatment. [Doc. 55.] In her sur-reply, Plaintiff makes blanket statements that African-Americans received more disciplinary action than White Americans and "Whites are generally given the opportunity to receive any other choice of discipline rather than dismissal." [Doc. 64.] Plaintiff also attaches a 37 page document (apparently produced by Defendant) that lists every employment disciplinary action taken by Defendant against all employees from 2010-2014. [Doc. 65.] "At the pretext stage, the test for determining whether employees are similarly situated to a plaintiff is a rigorous one." *Bone*, 686 F.3d at 956. Plaintiff must show that she and the employees outside her protected group were similarly situated in all relevant respects." *Id.* "The individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." *Id.* "Furthermore, to be probative evidence of pretext, the misconduct of more leniently disciplined employees must be of comparable seriousness." *Id.* "Although the standard for determining whether employees are similarly situated is rigorous at the pretext stage, [it] does not require the Plaintiff to produce

evidence of a clone." *Burton v. Arkansas Sec'y of State*, 737 F.3d 1219, 1230-31 (8th Cir. 2013) (internal citations omitted).

Plaintiff does not direct the Court to any employees who were not African-American who are similarly situated to her. Plaintiff fails to provide any specific citations to portions of the record that will support her claim. She frequently mentions unidentified documents that she claims are in the Defendant's possession. "A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Gilbert v. Des Moines Area Cmty College*, 495 F.3d 906, 915 (8th Cir. 2007). The Court will also "not mine a summary judgment record searching for nuggets of factual disputes to gild a party's arguments." *Id.* Plaintiff's general comparison of wide-ranging disciplinary actions between African-American and White employees is not sufficient to establish pretext. *See Anderson v. Durham D&M, LLC*, 606 F.3d 513, 521 (8th Cir. 2010) (plaintiff is required to identify specific individuals as comparators to establish pretext for disparate treatment claim). Therefore, because Plaintiff has not shown any genuine issue of material fact as to whether Defendant's legitimate, non-discriminatory reason for terminating her employment was pretext for intentional race discrimination, the Court will grant Defendant's original Motion for Summary Judgment on this claim.

### D. ADA- Disability Claims[4]

Absent direct evidence of discrimination, the same McDonnnell-Douglas shifting analysis applies to Plaintiff's claims under the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §§ 12101, *et seq.* "To establish discrimination under the ADA, an employee must show that she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability." *Tramp v. Associated Underwriters, Inc.*, 768 F.3d 793, 804 (8th Cir. 2014). Disability is a physical or mental impairment that substantially limits one or more major life activities of an individual, or a record of such impairment, or being regarded as having such an impairment. 42 U.S.C. § 12102(1). The definition of disability under the ADA Amendments Act of 2008 ("ADAAA") shall be construed in favor of broad coverage of individuals to the maximum extent permitted by the statute. 42 U.S.C. § 12102(4)(A). Although the ADAAA "makes it easier to prove a disability, it does not absolve a party from proving one." *Tramp*, 768 F.3d at 804.

In this case, the Court highly doubts that Miller has demonstrated that she has a disability covered under the ADA. In her deposition, Plaintiff refused to identify what physical or mental impairments that she was claiming met the definition of a disability. (Def.'s Ex. B at 11-14.) In her response to Defendant's original Motion for Summary Judgment, Plaintiff states that her congestive heart failure, asthma, and depression would meet the definition of disability.

---

[4] The Court notes that Plaintiff's Complaint asserts that she is bringing claims of race and disability discrimination under Title VII. Disability claims are governed under the ADA; therefore, the Court will construe Plaintiff's Complaint as making a claim under the ADA, because the EEOC charge attached to the Complaint includes Plaintiff's assertion of an ADA claim and Plaintiff's form Complaint states that she was discriminated against because of her disability. Therefore, Defendant was on notice that Plaintiff is asserting an ADA claim. *See Brown v. City of* Jacksonville, 711 F.3d 883, 888 (8th Cir. 2013), *Waters v. Kmart*, No. 08-0012 JRT/JJK, 2008 WL 2906092 at *3 (D. Minn. July 24, 2008). Pro se pleadings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (a document filed pro se is to be liberally construed).

Assuming, without deciding that Plaintiff made a prima facie case, Plaintiff has not shown any genuine issue of material fact as to whether Defendant's legitimate, non-discriminatory reason for terminating her employment was pretext for intentional disability discrimination. Plaintiff's support for pretext regarding her disability claim focuses on her race discrimination claims and the fact that her doctors signed certifications for leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* The evidence demonstrates that Plaintiff was warned several times about her failure to call in and submit supporting documentation when she would be absent from work. The evidence also shows that Plaintiff was notified that her sick leave would be exhausted on January 31, 2013 and she was expected to return to work on February 1, 2013. Plaintiff offers no evidence that her leave was not exhausted, she returned to work before February 5, 2013, or notified her employer that she would be absent on February 1, 2013. Based on the foregoing, the Court will grant defendant's motion for summary judgment on Plaintiff's disability discrimination claims.

### E. Harassment, Hostile Work Environment, and Retaliation Claims

Plaintiff's Complaint also asserts claims of harassment, a hostile and discriminatory work environment, and retaliation in her Complaint. Compl. ¶¶ 10, 12, 14. Defendant did not raise these issues in its motions for summary judgment[5]. "A district court commits reversible error by granting summary judgment on an issue not raised or discussed by the parties if the losing party did not have notice and an opportunity to respond." *Montgomery v. City of Ames*, 749 F.3d 689, 697 (8th Cir. 2014). In this circuit, "It is fundamentally unfair to the nonmoving party to require her to address issues not addressed by the moving party in anticipation that the district court might rely on some unidentified issue to grant the motion." *Heisler v. Metropolitan Council*, 339

---

[5] The Court notes the only retaliation claims that were previously dismissed by the Court were Plaintiff's claims for retaliatory discharge for filing a workers' compensation claims. [Docs. 4, 5.]

F.3d 622, 631 (8th Cir. 2003). Therefore, the Court will grant the parties leave to file a motion for summary judgment on Plaintiff's hostile work environment, harassment, or retaliation claims no later than June 1, 2015.

IV. **Conclusion**

Based on the foregoing, Defendant's original Motion for Summary Judgment will be granted, Defendant's Supplemental Motion for Summary Judgment will be denied as moot, and Plaintiff's Motion to Compel will be denied. The parties may brief, if so desired, Plaintiff's remaining claims no later than June 1, 2015.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**. [Doc. 52.]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel is **DENIED**. [Doc. 54.]

**IT IS FURTHER ORDERED** that Defendant's Supplemental Motion for Summary Judgment is **DENIED as moot**. [Doc. 62.]

**IT IS FURTHER ORDERED** that the parties may file additional motions for summary judgment regarding Plaintiff's harassment, hostile work environment, and retaliation claims no later than June 1, 2015.

**IT IS FURTHER ORDERED** that the current trial setting of June 1, 2015 is **VACATED** and will be reset at a later date.

A separate partial Judgment will accompany this Memorandum and Order.

Dated this 12th day of May, 2015.

      /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE