UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARVA LYNNETTE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-CV-1102 NAB |
| | ) | |
| MISSOURI DEPARTMENT OF SOCIAL SERVICES DIVISION OF YOUTH SERVICES, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER[1]

This matter is before the Court on Defendant Missouri Department of Social Services, Division of Youth Services' Third Motion for Summary Judgment. [Doc. 70.] Plaintiff Marva Miller filed a Memorandum in Opposition and Defendant filed a Reply Brief. [Docs. 77, 80.] Based on the following, the Court will grant Defendant's Third Motion for Summary Judgment.

**I.     Procedural History**

On June 10, 2013, Plaintiff filed this action against Defendants Missouri Department of Social Services, Division of Youth Services, Donald Pokorny, Sonja Williams, Janet Smiley, and Courtney Collier. [Doc. 1.] Plaintiff alleged that she was discriminated against based on her race and disability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended and claims of "whistleblower and retaliation for filing workers' compensation claims and complaining about a hostile work environment."  The Court dismissed the individual defendants in an order dated July 1, 2013. [Doc. 4.]  The Court also dismissed Plaintiff's claim of "whistleblower and retaliation for filing workers' compensation claims." [Doc. 4.] Plaintiff

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

filed a motion for leave to file an amended complaint. [Doc. 19.] The Court denied Plaintiff's motion without prejudice. [Doc. 28.] The remaining Defendant Missouri Department of Social Services, Division of Youth Services filed two motions for summary judgment. [Docs. 52, 60.] The Court granted Defendant's First Motion for Summary Judgment, resulting in a partial judgment in favor of Defendant on Plaintiff's racial discrimination and disability claims. [Doc. 68.] The Court granted the parties leave to brief the remaining issues of harassment, hostile work environment, and retaliation[2]. [Doc. 68.] Defendant filed a Third Motion for Summary Judgment. [Doc. 70.] That motion has now been fully briefed. [Docs. 77, 80.]

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is placed on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988 ) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on an issue of material fact. *Miller v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence, he or she must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); *Herring v. Can. Life Assur. Co.*, 207 F.3d 1026, 1029 (8th Cir. 2000). The non-

---

[2]The parties were allowed to brief the remaining issues, because it appeared that the parties were confused about what claims had been dismissed in the Court's original order of partial dismissal.

moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Herring*, 207 F.3d at 1029 (quoting *Miller*, 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993). In passing on a motion for summary judgment, it is not the court's role to decide the merits. The court should not weigh evidence or attempt to determine the truth of a matter. Rather, the court must simply determine whether a genuine issue of material fact exists. *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1107 (8th Cir. 2000).

"There is no discrimination exception to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011). "Although employment discrimination cases are often fact intensive and dependent on nuance in the workplace, they are not immune from summary judgment. If there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1018 (8th Cir. 2011) (internal citations omitted).

**III.    Discussion**

    **A.    Factual Background**

Although not directly stated, the Defendant relies upon the exhibits from the previous motions for summary judgment in support of its motion. Plaintiff does not cite to any evidence

3

in the record in her response. Therefore, the Court will adopt and rely upon the factual findings made in its previous Order on the Defendant's First and Second Motions for Summary Judgment. [Doc. 68.] The Court will also refer to the exhibits submitted with the previous pleadings to the extent they are relevant to the Defendant's Third Motion for Summary Judgment.

### B. Harassment and Hostile Work Environment

First, the Court will address Plaintiff's claims of harassment and a hostile work environment. To prove a hostile work environment claim, Plaintiff must prove (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment based on membership in that group, (3) the harassment affected a term, condition, or privilege of her employment; (4) her employer knew of the harassment; and (5) the employer failed to take proper action. *Stewart v. Rise*, 791 F.3d 849, 859 (8th Cir. 2015). "To be actionable, the objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Id.* at 859-60. "To determine whether an environment is sufficiently hostile or abusive [the Court looks] at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 860.

In this case, Plaintiff has not met her prima facie case to establish that she was harassed because of her race or disability or she was subjected to a hostile work environment. In Plaintiff's deposition, she refused to identify any instances to support claims of harassment or a hostile work-environment. [Doc. 53-3 at 21-23.] In her Complaint, Plaintiff asserts that Donald Pokorny "allowed and helped to [incite] a hostile and discriminatory work environment while

4

overlooking me and two other African-American females who were more senior, experienced, and knowledgeable in our work capacity." [Doc. 1 at 4.] Plaintiff's Complaint also alleges that Sonja Williams and Janet Smiley "colluded" to cause her dismissal and generally created a hostile work environment. [Doc. 1 at 5-6.] Finally, Plaintiff's Complaint states that Janet Smiley sent harassing voicemails to her personal cellphone. [Doc. 1 at 6.] In her opposition to Defendant's Third Motion for Summary Judgment, Plaintiff fails to provide any evidence that the alleged conduct by her alleged "harassers" Sonja Williams and Janet Smiley was either harassment or based on her race or a disability. Plaintiff refers to meetings and communications about her dismissal, but nothing contained in these allegations remotely rises to the level of supporting a claim of harassment or hostile work environment under Title VII or the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. There is no evidence of racial slurs or comments based on race or disability.[3]

In her depositions and her pleadings with the Court, Plaintiff frequently states that the Defendant has access to the information supporting her claims. Plaintiff must direct the Court to specific facts supporting her claim or show that a genuine dispute of material fact exists. "A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Gilbert v. Des Moines Area Cmty College*, 495 F.3d 906, 915 (8th Cir. 2007). The Court will also "not mine a summary judgment record searching for nuggets of factual disputes to gild a party's arguments." *Id.* Based on the foregoing, the Court will grant summary judgment in favor of Defendant on Plaintiff's harassment and hostile work environment claims.

---

[3] Plaintiff's reliance on the 4th Circuit case *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264 (4th Cir. 2015) is misplaced. In that case, there was direct evidence of harassment and a hostile work environment based on race. No such evidence was presented in this case. This action is not in any way comparable to *Boyer-Liberto*.

5

C.  **Retaliation**

To survive a motion for summary judgment on a retaliation claim, the plaintiff must show a prima facie case of retaliation and must show the proffered legitimate non-retaliatory reasons for her termination were pretextual. *Gibson v. Geithner*, 776 F.3d 536, 540 (8th Cir. 2015). "To establish a prima facie retaliation claim under Title VII, an employee must show (1) she engaged in protected conduct, (2) a reasonable employee would have found the retaliatory action materially adverse; and (3) the materially adverse employment action was causally linked to the protected conduct." *Gibson*, 776 F.3d at 540. If Plaintiff makes a prima facie showing, then the burden shifts to the Defendant to articulate a legitimate, non-retaliatory reason for the discharge. *Id.* Once the Defendant does so, the burden shifts back to the Plaintiff to put forward evidence of pretext. *Id.*

"Proof of pretext requires more substantial evidence than a prima facie case, because unlike evidence establishing a prima facie case, evidence of pretext and retaliation is viewed in light of the employer's justification." *Gibson*, 776 F.3d at 540. There are two routes for demonstrating a material question of fact as to pretext: first a plaintiff may succeed indirectly by showing the proffered explanation has no basis in fact; or second a plaintiff can directly persuade the court that a prohibited reason more likely motivated the employer." *Gibson*, 776 F.3d at 540. "Pretext must be read as shorthand for indicating that a defendant's proffered explanation for adverse employment action is a pretext for unlawful [discrimination] not that it is merely false in some way." *Id.*

Based upon the Court's review of the record, pleadings, and the evidence in this case, the Court finds that summary judgment should be entered in favor of Defendant on Plaintiff's retaliation claim. Plaintiff asserts that the fact that the Defendant acknowledges that she was

terminated proves retaliation. The law states otherwise. The Court will assume without deciding that Plaintiff made a prima facie case. The Defendant states that it terminated Plaintiff because she violated Defendant's policy regarding being absent without leave. The Court takes judicial notice that it has previously found that this was a legitimate non-discriminatory reason for Plaintiff's discharge. Next, the burden shifts to Plaintiff show that the Defendant's reason was pretextual. Plaintiff has failed to meet that burden. Plaintiff has not presented any evidence that Defendant's termination decision was based on any protected activity. Also, her past good performance reviews do not establish that her termination based on violation of attendance policies was pretextual.

## IV. Conclusion

Based on the foregoing, Defendant's Third Motion for Summary Judgment will be granted. The Court will deny Plaintiff's request that "Defendant be compelled to submit additional discovery which indicates that retaliatory, hostile and discriminatory work environment that the Plaintiff was subjected to." Plaintiff's request is untimely and improperly filed for the same reasons stated in the Court's previous order on Defendant's First and Second Motions for Summary Judgment. [Doc. 68.]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**. [Doc. 70.]

A separate final Judgment will accompany this Memorandum and Order.

Dated this 6th day of October, 2015.

                                                 /s/ Nannette A. Baker
                                                 NANNETTE A. BAKER
                                                 UNITED STATES MAGISTRATE JUDGE