UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARVA LYNNETTE MILLER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:13-CV-1102 NAB |
| MISSOURI DEPARTMENT OF SOCIAL SERVICES DIVISION OF YOUTH SERVICES, et al., | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**[1]

This matter is before the Court on Plaintiff's Motion to File a Notice of Appeal Out of Time. [Doc. 84.] Judgment was entered against Plaintiff on October 6, 2015. One day after the deadline for filing a notice of appeal, Plaintiff filed a notice of appeal and motion requesting leave to file her notice of appeal out of time.

Under Federal Rule of Appellate Procedure 4(a)(5), the district court may extend the time to file a notice of appeal if two conditions are met. Fed. R. App. P. 4(a)(5). First, the party must move no later than thirty days after the time prescribed by Rule 4(a) expires. *Id.* Plaintiff has met this condition, because she filed her motion within thirty days of the expiration of the date to file the notice of appeal.

Second, the party must show excusable neglect or good cause. *Id.* Plaintiff has not met this condition. The good cause standard applies where there is no fault- excusable or otherwise- and the need for extension is usually occasioned by something that is not within the control of the movant. Fed. R. App. P. 4(a)(5) advisory committee's notes to 2002 amendment. "The

---
[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension in usually occasioned by something within the control of the movant. *Id.* With regard to whether a party's neglect of a deadline is excusable, the Supreme Court has held that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Gibbons v. U.S.*, 317 F.3d 852, 854 (8th Cir. 2003) (citing *Pioneer Inv. Serv. Co., v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "These include the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith." *Id.* These factors do not carry equal weight and the excuse given for the late filing must have the greatest import. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000). "While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason for delay factor will always be critical to the inquiry." *Id.*

In her motion, Plaintiff states that she filed her motion late "due to acute and chronic medical conditions that have continually interfered in my ability to function and present in a timely manner." While there are cases where serious illness might merit relief under Rule 4(a)(5), this is not such a case. *See e.g. Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464, 465 (9th Cir. 1984) (attorney's illness was of such a character and magnitude that counsel was both physically and mentally incapacitated during the crucial period of time). Plaintiff's motion provides no specific information regarding the nature of her illness, its length, treatment, and/or rehabilitation. *See Gibbons*, 317 F.3d at 855 (affirms district court denial of relief under Rule 4(a)(5) where attorney stated that extended vacation and serious illness prevented timely filing of notice of appeal). Based on the sparse information provided in Plaintiff's motion, the Court is

unable to make a finding of good cause or excusable neglect. The court recognizes that Plaintiff is *pro se*, but "even pro se litigants must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005). Therefore, Plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Notice of Appeal out of Time is **DENIED**. [Doc. 84.]

Dated this 10th day of November, 2015.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE